UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| BYRON MARSHALL, CHARLES THOMPSON, CHRIS THOMPSON, and CORY HECKARD, §§§§ Plaintiffs, § § vs. § § § CHEVRON U.S.A., INC. and § DXP ENTERPRISES, INC. § Defendants. § | CIVIL ACTION NO. 7:19-cv-273 |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Byron Marshall, Charles Thompson, Chris Thompson, and Cory Heckard ("Plaintiffs") file this Original Complaint against Chevron U.S.A., Inc. and DXP Enterprises, Inc. ("Defendants"), as follows:

### I. PRELIMINARY STATEMENT

1. Chevron U.S.A., Inc. ("Chevron") and DXP Enterprises, Inc. ("DXP") were formerly the employers, joint and/co-employers of Plaintiffs. Plaintiffs worked as Safety Coordinators in Texas and New Mexico for DXP and its client, Chevron. Plaintiffs were interviewed and hired through DXP, were paid by DXP, and they worked exclusively as Safety Coordinators on Chevron's drilling rigs. While employed by DXP and/or Chevron, Plaintiffs were misclassified as independent contractors, despite the fact that they worked full time for DXP and/or Chevron, and virtually every aspect of their job was controlled by DXP and/or Chevron. DXP and/or Chevron misclassified Plaintiffs as independent contractors to avoid

paying employment taxes, benefits and overtime. During their time with DXP and/or Chevron, Plaintiffs typically worked between 85-100 hours per week. Plaintiffs received a day rate regardless of the number of hours they worked in a given day or week, and never received overtime pay.

2. Plaintiffs bring this action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA") and the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) (the "NMMWA"). Plaintiffs assert their claims herein in an individual capacity only - they do **not** assert a class or collective claim on behalf of other workers.

3. DXP and/or Chevron has violated the NMMWA and the FLSA by failing to pay Plaintiffs overtime at the legally required rate.

4. For at least three years prior to the filing of this Complaint, Defendants willfully committed widespread violations of the FLSA by failing to pay Plaintiffs for overtime hours worked in excess of forty hours per week at a rate of one-and-a-half times their regular rate of pay. Defendants have also willfully committed widespread violations of the NMMWA by failing to pay Plaintiffs for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.[1]

## II. PARTIES

---

[1] Ordinarily, the statute of limitations is three years on NMMWA claims, but this does not apply here as the limitations period never began to run due to Defendants' continuing course of conduct. The NMMWA provides, "[a] civil action to enforce any provision of [the NMMWA] may encompass all violations that occurred as part of a continuing course of conduct regardless of the date on which they occurred," *see* NMSA 1978 § 50-4-32. Plaintiffs allege that Defendants have been misclassifying Safety Coordinators as independent contractors and denying them overtime pay since October 19, 2007 and continue to do so to this day. Moreover, under *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), limitations on Plaintiffs' NMMWA claims has been tolled since the filing of *Warden et al v. DXP Enterprises, Inc.*, No. 2:19-cv-407 (N.M., May 3, 2019).

5. Plaintiffs Byron Marshall, Chris Thompson and Cory Heckard are individuals residing in Texas. Plaintiff Charles Thompson is an individual residing in New Mexico.

6. Chevron is a foreign corporation organized under the laws of Pennsylvania. Chevron maintains its headquarters and principal place of business in Contra Costa County, California. Chevron is a citizen of both Pennsylvania and California. Chevron may be served through its registered agent for service of process, Prentice-Hall Corp System, Inc., 211 E. 7th St., Suite 620, Austin, TX 78701.

7. DXP is a Texas corporation with its principal place of business in Houston, Texas. DXP may be served through its registered agent for service of process in Texas, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

### III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..." The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over DXP because it is a Texas resident. This Court has personal jurisdiction over Chevron because it conducts a significant amount of business in Texas and it has had continuous and systematic contacts with Texas and because there is a significant connection between the forum and the specific claims at issue in this case.

This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and division. Namely, Plaintiffs performed a substantial amount of the services for Defendants as described herein in the Midland/Odessa area, which is located in this judicial district and division.

## IV. COVERAGE

11. At all relevant times, DXP and/or Chevron acted, directly or indirectly, as the joint or co-employers with respect to Plaintiffs. DXP and/or Chevron were responsible for all decisions related to the wages to be paid to Plaintiffs, the work to be performed by Plaintiffs, the locations of work performed by Plaintiffs, the hours to be worked by Plaintiffs, and the compensation policies with respect to Plaintiffs.

12. At all relevant times, Defendants have operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all relevant times, Defendants have operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person

and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.[2]

14.  At all relevant times, Plaintiffs were employees for Defendants who were engaged in commerce or in the production of goods for commerce.  Namely, Plaintiffs' job assignments assisted in the production of oil and gas, which, upon its production, was placed into the stream of commerce and was shipped and sold across the United States.  Moreover, Plaintiffs, in the performance of their job duties while working for DXP and/or Chevron, regularly used instrumentalities of interstate commerce such as their cell phone and e-mail to communicate with others at DXP and/or Chevron and others working at Chevron's facilities.

## V. FACTUAL BACKGROUND

15.  Chevron is a major oil and gas production company. DXP is a publicly traded company that offers compliance and consulting services to clients in, *inter alia*, the oil and gas industry. DXP has contracted with Chevron, and international energy company engaged in exploration and production of oil and gas, to provide laborers for Chevron's drilling operations, including the Safety Coordinators such as Plaintiffs.

16.  Plaintiff Byron Marshall worked as a Safety Coordinator for Defendants from February/March of 2017 until January of 2019. Plaintiff Charles Thompson worked as a Safety Coordinator for DXP and/or Chevron from August of 2016 until December of 2018.  Plaintiff Chris Thompson worked for DXP and/or Chevron as a Safety Coordinator from March of 2017

---

[2] DXP Enterprises, Inc. is a leading products and service distributor serving industrial customers throughout the United States, Canada, Mexico and Dubai.  *See* http://ir.dxpe.com/news-and-market-information/press-releases/press-release-details/2018/DXP-Enterprises-Completes-Acquisition-of-Application-Specialties-Inc/default.aspx. DXP has grown substantially over the past several decades through a series of acquisitions, most recently purchasing Application Specialties, Inc. in 2018, which had Sales and adjusted EBITDA were approximately $37 million and $2.9 million, respectively.  *Id*.

until July of 2017. Plaintiff Cory Heckard worked as a Safety Coordinator for DXP and/or Chevron from 2012 until 2014, then again from August of 2016 until January of 2018. While Plaintiffs have not had the opportunity to conduct discovery, they estimate that they averaged working between 85-100 hours per week while employed by DXP and/or Chevron.

17. Because Plaintiffs were paid a day rate, and because their schedules were set by DXP and/or its customer, Chevron, they were not given any opportunity to share in the profit and/or loss of their services. They did not make any sort of investment in the facilities where they worked. They were not allowed the freedom to take or reject assignments - instead they must report to Chevron's rigs as ordered to do by DXP and/or Chevron. Because they worked full time (working very long hours) at Chevron's facilities, they were not allowed an opportunity to expand their business or to take on other assignments as true independent contractors would be expected to do. Moreover, Plaintiffs were manual laborers, not the kind of highly-skilled workers that would typically be classified as independent contractors. Plaintiffs did not provide their own tools or equipment - such tools and equipment were furnished by DXP and/or Chevron. Finally, Plaintiffs had no authority to hire or fire anyone, nor were they given the power to hire their own helpers, as true independent contractors typically do. Instead, if additional help was needed, Plaintiffs were to report this to DXP and/or Chevron, who would then hire such additional help. This working relationship is completely inconsistent with a true independent contractor relationship.

18. Every week, or virtually every week, that Plaintiffs worked for DXP and/or Chevron, Plaintiffs worked more than 40 hours per week, often working between 85-100 hours or more in a week. Plaintiffs typically worked a set schedule of twenty-one days on, seven days

off (or sometimes fourteen days on, and seven days off), and were paid a set daily rate with no overtime pay. Plaintiffs regularly traveled to and worked in New Mexico without overtime pay. Thus, Plaintiffs were denied overtime pay in violation of the FLSA and the NMMWA.

19. No exemption excuses Defendants from paying Plaintiffs overtime rates under the FLSA and/or the NMMWA.  Plaintiffs were paid on an *day rate* basis (meaning their pay fluctuated each week based on how many days they worked each week), and they could not fall within any of the white collar exemptions, as the *salary* basis is an essential element of all of the white collar exemptions.

20. Defendants failed to make a good faith effort to comply with the FLSA and/or the NMMWA. Instead, Defendants knowingly, willfully or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation. Plaintiffs are entitled to liquidated damages for such conduct.

21. Defendants violated NMMWA by paying Plaintiffs a day rate that failed to pay Plaintiffs an overtime premium for all overtime hours worked.

22. Despite Plaintiffs routinely working over 40 hours per week, Defendants failed to pay them an overtime premium at a rate of one-and-one-half times their regular rate for all hours worked in excess of 40 per workweek in New Mexico.

23. Plaintiffs are entitled to receive overtime pay at a rate of one-and-one-half times their regular rate for all hours worked in excess of 40 per workweek.

24. Plaintiffs have retained the undersigned counsel to represent them in this action. Pursuant to the FLSA and/or the NMMWA, Plaintiffs are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI. CAUSES OF ACTION

### COUNT ONE: VIOLATIONS OF FLSA

25. Plaintiffs incorporate all allegations previously made in this Complaint.

26. Plaintiffs were non-exempt employees of Defendants.

27. Plaintiffs are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

28. Defendants violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiffs overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

29. Plaintiffs seek all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

### COUNT TWO: VIOLATIONS OF NMMWA

30. Plaintiffs incorporate all allegations previously made in this Complaint.

31. Plaintiffs are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D).

32. During the relevant time period, Defendants violated and continue to violate NMMWA by employing employees and regularly and repeatedly failing to pay employees for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay.

33. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered from a loss of income and other damages.

34. Plaintiffs are entitled to their unpaid wages, treble and/or liquidated damages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under NMMWA.

35. Moreover, Plaintiffs request that they are entitled to overtime pay for all work they performed during Defendants' continuing course of conduct (i.e. its violations of the New Mexico overtime law) regardless of the date on which they occurred, dating back to October 19, 2007.

## VII. DESIGNATION OF EXPERT WITNESS

36. Plaintiffs designate the following individual as an expert witness in this case:

> Josh Borsellino
> Borsellino, P.C.
> 1020 Macon Street, Ste. 15
> Fort Worth, Texas 76102
> 817.908.9861

As permitted under the FLSA and NMMWA, Plaintiffs seek attorney's fees and case expenses incurred in the prosecution of this matter. Mr. Borsellino may provide expert opinion testimony regarding the reasonableness and necessity of the attorney's fees and expenses incurred by Plaintiffs in connection with this action. Mr. Borsellino's biography is publicly available at https://dfwcounsel.com/biography/.

## VIII. RELIEF SOUGHT

WHEREFORE, Plaintiffs respectfully request that Defendants be required to answer and appear, and that on a final hearing, Plaintiffs be awarded all relief requested herein, including:

a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times their regular rate of pay under the FLSA;

b. Liquidated damages in an amount equal to the unpaid overtime compensation;

c. For an Order awarding Plaintiffs all unpaid overtime compensations, treble and/or liquidated damages, prejudgment interest and all available penalty wages under NMMWA;

d. For all costs and attorneys' fees incurred prosecuting this claim, as allowed by law;

e. Pre- and post-judgment interest at the highest rates allowed by law; and

f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Morgan Scott
State Bar No. 24106412
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com
         morgan@oilfieldovertime.com

**ATTORNEYS FOR PLAINTIFF**